JASON ALEXANDER, ADMINISTRATOR, ETC., OF WILLIAM ALEXANDER, DECEASED, APPELLANT AND RESPONDENT, *v.* HORACE T. DURKEE, RESPONDENT AND APPELLANT.

*Equitable offset — when payments made under a decree of a surrogate, which he had no power to make, will be allowed.*

Upon an accounting before the Surrogate's Court, a decree was entered adjudging that there was in the hands of the plaintiff, as administrator, the sum of $351.39 belonging to the defendant which the surrogate directed to be paid by applying the same upon four promissory notes made by the defendant and held by the plaintiff, as administrator, amounting to over $800. The plaintiff applied the money to the payment of one note and the interest thereon in full, and of the interest on the other three, and of a portion of the principal of another note, and thereafter brought an action against the defendant, in which he recovered a judgment for the balance due on the notes.

Upon a motion made by the defendant, an order was made to the effect that the surrogate had no power to decree the payment of the notes in the hands of the plaintiff, and directing that the amount applied to the payment of the first note and the interest upon the others, should be applied on the judgment.

*Held*, that, conceding that the surrogate had no power to make the order, yet, as the defendant did not deny that he was indebted to the plaintiff, as administrator, and that the whole amount due to him had been applied to the payment of such indebtedness, and that the judgment recovered against him was only for the balance still due from him, and inasmuch as he was asking for an equitable offset in a court of equity, his motion should have been denied.

APPEALS from an order of the Cayuga Special Term applying the sum of $199.47 upon the plaintiff's judgment in part payment thereof. Both parties appeal.

*W. E. & F. E. Hughitt*, for the plaintiff.

*James R. Cox*, for the defendant.

HAIGHT, J. :

The defendant moved the court for an order that the sum of $351.39, the amount found his due by decree of the Surrogate's Court in the hands of the plaintiff, be applied upon the plaintiff's judgment in payment thereof to that extent.

It appears from the findings of the referee that upon an accounting before the Surrogate's Court, a decree was entered adjudging that there was in the hands of the plaintiff, as administrator, the

sum of $351.39 belonging to the defendant Horace T. Durkee, which the surrogate directed to be paid to Durkee by applying the same upon four promissory notes made by Durkee and held by the plaintiff, as administrator; one of which was for $152, dated April 1, 1878; one for $200, dated April 1, 1881; one for $310.43, dated April 1, 1876; and one for $191.87, dated December 10, 1870; that the plaintiff, pursuant to such decree, applied upon the first named note, the amount of the principal and interest, paying it in full. Upon the other three notes he applied the interest due to July 23, 1885, and the balance of the $351.39, to wit, twenty-nine dollars and eighty-two cents, he applied upon the note for $191.87. Suit was then brought upon the three notes remaining unpaid upon which the judgment herein was entered for the balance due after applying the $351.39, as aforesaid.

The referee further found that the surrogate had no power to direct the payment of the notes in the hands of the plaintiff; but that inasmuch as the interest and the item of twenty-nine dollars and eighty-two cents, had been applied upon the the notes in suit, paying them to that extent, that the defendant could not, in equity, have the entire sum of $351.39 applied upon the judgment for the reason that it would operate as double payment; but as to the amount of the first named note of $152, and the interest accrued thereon, amounting in the aggregate to $199.47, he directed that amount to be applied upon the judgment; and that it should be reduced in that amount.

The order of the Special Term confirmed the report of the referee, and ordered the application therein recommended. The conclusion of the referee and of the Special Term is not in accord with that which appears to us to be just and equitable. For the purpose of the argument we shall concede that the referee is correct in his conclusion that the Surrogate's Court had no power to adjudge that the amount that he found due Durkee should be applied in the payment of the notes held by the administrator. The fact exists, however, and is not controverted, that by the terms of the decree the plaintiff, as administrator, owed Durkee the sum of $351.39, and that Durkee, in turn, owed the administrator upon the notes held by him, the sum of $800, and upwards; that the plaintiff did, in fact, apply the whole amount of the $351.39 upon the notes in question, and that in the suit subsequently brought by him

judgment was only taken for the balance actually due. The referee appears to have made a distinction between the amount applied upon the first named note and that applied upon the other three notes, concluding that the amount applied upon the latter notes could not equitably be applied upon the judgment, as it would result in double payment, etc. But is not the same true in reference to the first named note? This note was passed due, and was in the plaintiff's hands, and he had the right to have it paid, and it was treated by him as paid in the action brought by him upon the other notes. It appears to us that the equities in reference to this note are equally as strong as they are in reference to the payment applied upon the other notes; especially if it is true, as is claimed, that the defendant is insolvent and a non-resident. The defendant is in a court of equity asking for an equitable offset; no question is made in reference to his liability upon these notes, or the amount thereof; he, in fact, produced the proof of their existence upon the hearing before the referee. Under the conceded and established facts, he has had his pay in full, and is without equitable claim.

For these reasons we are of the opinion that the order should be reversed, with ten dollars costs and disbursements, and the motion denied.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.